**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JAMES DAVID OWENBY,** | |
| **Plaintiff,** | |
| v. | 1:16-cv-3884-WSD |
| **COBB COUNTY JAIL, COBB COUNTY SHERIFF'S DEPARTMENT, and COBB COUNTY BOARD OF COMMISSIONERS,** | |
| **Defendants.** | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [4] ("R&R"). The R&R recommends the Court dismiss this action, without prejudice, for Plaintiff James David Owenby's ("Plaintiff") failure to comply with a lawful order of the Court. Also before the Court are Plaintiff's Objections to the R&R, and his Motion to Amend Original Complaint [10].

**I.   BACKGROUND**

On October 17, 2016, Plaintiff filed his unsigned civil rights Complaint [1] and an incomplete application to proceed *in forma pauperis* [2] ("IFP

Application"). On October 24, 2016, the Magistrate Judge issued an order [3] ("October 24th Order") requiring Plaintiff, within fourteen (14) days, to (1) sign and resubmit his Complaint and (2) either pay the $400 filing fee or submit a fully-completed IFP Application. The Magistrate Judge advised Plaintiff that failure to comply with the order may result in dismissal pursuant to LR 41.3(A)(2), NDGa. Plaintiff failed to submit a signed Complaint, and he failed to pay the $400 filing fee or to submit a fully-completed IFP Application.

On November 23, 2016, The Magistrate Judge issued her R&R, recommending that the Court dismiss this action, without prejudice, for Plaintiff's failure to comply with the Magistrate Judge's October 24th Order.

On December 7, 2016, Plaintiff filed his Objections to the R&R. Plaintiff claims he received the R&R late, because "the Clerk mailed the documentation to [his] previous institution, Georgia Diagnostic and Classification Prison in Jackson, GA, versus my current location, Johnson State Prison in Wrightsville, GA." (Obj. at 1). He claims he informed the Clerk of Court of his address change "approximately 3 weeks ago." (Id.). The same day, the Clerk filed Plaintiff's notice of address change, which was purportedly dated November 15, 2016.

On February 17, 2017, Plaintiff filed his completed IFP Application, which he purports to have signed on October 27, 2016. The same day, he filed his

2

Motion to Amend Original Complaint, which he also purports to have signed on October 27, 2016.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.  Analysis

Under Local Rule 41.3(A)(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case."  LR 41.3(A)(2), NDGa.  Local Rule 41.2(B) provides that "[t]he failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in

address . . . which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice . . . ." LR 41.2(B), NDGa.

Plaintiff failed to comply with the Court's October 24th Order after being advised that failure to comply will result in dismissal of this action. Plaintiff did not file his completed IFP Application and signed Complaint until nearly three months after he was ordered to do so. Plaintiff's claims that his change of address caused this delay are wholly incredible. To the extent any delay was caused by Plaintiff's address change, Local Rule 41.2(B) required Plaintiff to keep the clerk's office informed of the change, which Plaintiff failed to do until several weeks after the Court issued its October 24th Order. Accordingly, this action is dismissed without prejudice pursuant to Local Rule 41.3(A)(2).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Catherine M. Salinas's Final Report and Recommendation [4] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections to the R&R [6] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Original Complaint [10] is **DENIED AS MOOT**.

**SO ORDERED** this 23rd day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE